```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CHERYL B. FRISCHHERTZ                     CIVIL ACTION

VERSUS                                    NO: 06-5676

LEXINGTON INSURANCE COMPANY               SECTION: J(5)
```

### ORDER AND REASONS

Before the Court is the Plaintiff's **Motion to Remand (Rec. Doc. 22)**. This motion was set for hearing on November 8, 2006. Although oral argument was requested, this Court determines that such will not be necessary and hereby **CANCELS** oral argument. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be denied.

### Background Facts

On August 2, 2006, Plaintiff Cheryl B. Frischhertz filed suit against Lexington Insurance Company ("Lexington") in Civil District Court for the Parish of Orleans ("CDC") alleging that Lexington breached its agreement to provide her with insurance coverage by failing to promptly adjust her claim and failing to timely pay the insurance benefits allegedly due to her under the policy.  On August 29, 2006, Plaintiff requested leave in CDC to file a First Supplemental and Amending Petition naming two allegedly non-diverse parties, Hull & Company, Inc. ("Hull") and Stiel Insurance Services of New Orleans, Inc. ("Stiel").  Hull is

a wholesale broker who operates as a program administrator for Lexington. (See Exhibit 1 to Hull opposition). Stiel is a retail producer through whom Hull issues Lexington's homeowners policies. (See Exhibit 1 to Hull opposition). No other relationship exists between them. Plaintiff claims that Hull and Stiel breached their fiduciary duties to advise Plaintiff with regard to recommended coverage on the properties and to advise her that she was underinsured.

## Arguments of the Parties

Plaintiff claims Hull and Stiel were not improperly joined - as Lexington asserts in its Supplemental Notice of Removal and in its opposition to Plaintiff's motion to remand. Plaintiff asserts that in Louisiana, an insurance broker has a fiduciary responsibility to the insured and the insurer and is liable for his own fault or neglect. Plaintiff claims that she can overcome the test set forth in <u>Karem v. St. Paul Fire and Marine Insurance Co.</u>, 281 So.2d 728 (La. 1973) in that she can prove: (1) an agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured.

Lexington, on the other hand, asserts that Hull and Stiel were improperly joined because there are no causes of action that exist against them. Lexington claims that case law provides that insurance agents and brokers do not have a duty to advise an

insured whether she is underinsured.  See Dobson v. All State Ins. Co., 2006 WL 2078423, *10 (E.D. La.); Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199, 205 (5th Cir. 1990). Lexington claims that the only case cited by Plaintiff to support her assertion that a claim exists is Sullivan v. State Farm Casualty Co., 2006 WL 2119320 (E.D. La. 2006), which Lexington argues is inapposite to this case.  Lexington claims Sullivan dealt with an agent who had failed to obtain the type of coverage requested by an insured - not an agent who failed to advise an insured that she was underinsured.  Lexington claims no such duty for the latter exists.

    Hull also filed an opposition adopting Lexington's opposition and, for the most part, reiterating arguments made by Lexington.  Notably, Hull explains that, contrary to Plaintiff's assertions, it is diverse in that it is a Florida corporation. Stiel, thus, is the only truly non-diverse defendant.

## Discussion

    This Court will consider Plaintiff's amended petition for the purposes of this motion to remand.

    Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir.1996).  Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking

to assert diversity jurisdiction bears the burden of proof. DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir.1995). Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. Dobson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir.1992).

Ordinarily when a non-diverse party is properly joined as a defendant, a defendant may not remove based on diversity jurisdiction. However, a defendant may remove by showing that the non-diverse party was improperly joined. Smallwood v. Il. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir.2003). The burden of demonstrating improper joinder is a heavy one. Id. It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir.2003). When a defendant alleges that a plaintiff is unable to state a claim against the non-diverse defendant, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. Id. at 462-63. In other words, there must be a reasonable possibility of recovery. The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In conducting this inquiry, the Court "must also take

into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." <u>Travis v. Irby</u>, 326 F.3d 644, 649 (5th Cir. 2003).  In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party. Id.

This Court concludes that Plaintiff can state no cause of action against either Stiel or Hull based on the cases cited by Lexington.  Specifically, Judge Vance noted in <u>Dobson</u> that no cases impose a duty on an agent to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage.  Plaintiff's claims against Hull and Stiel consist of those types of allegations.  In <u>Motors Ins. Co.</u>, the Fifth Circuit noted, "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." <u>Id.</u> at 205.  Additionally, the Undersigned finds that his decision in <u>Sullivan</u> does not support Plaintiff's position because the <u>Sullivan</u> case involved an agent who represented that he had applied for coverage when, in fact, he had not.  That situation is different from the situation in the instant case, wherein Plaintiff charges Hull and Stiel with the responsibility to determine and advise her that she was underinsured.

Therefore, because there is no viable cause of action against Stiel (the only non-diverse Defendant), its citizenship should not be considered for purposes of removal.  For the same

reasons this Court finds there is no viable cause of action against Stiel, it also finds that there is no cause of action against Hull.  This Court need not address Defendants' preemption arguments as it finds no causes of action exist.  This motion to remand should be denied, and both Stiel and Hull should be dismissed.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Remand (Rec. Doc. 22)**. should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Hull and Stiel are hereby **DISMISSED.**

New Orleans, Louisiana this the 3rd day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE