```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


SHAWNDRA SMITH                               CIVIL ACTION

VERSUS                                       NO: 06-4554

FIRST NLC FINANCIAL                          SECTION: J(4)
SERVICES, INC. ET AL.
```

### ORDER AND REASONS

Before the Court is the Plaintiff's **Motion to Remand (Rec. Doc. 6)**. This motion, which was opposed, was set for hearing on November 22, 2006 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be denied.

### Background Facts

Plaintiff filed suit against First NLC Financial Services, Inc. ("First NLC"), Linear Title & Closing, Ltd., and Alliance Insurance Agency Services, Inc. in Civil District Court for the Parish of Orleans alleging a flood insurance policy procurement dispute and/or allegations of errors and omissions by an insurance agent.  Plaintiff's Petition also stated Defendants' actions "are also violative of United States laws governing truth in lending disclosures in connection with consumer credit transactions, giving ride to both exemplary damages, attorney fee and such other damages as may be provided by federal statutes..."

**Arguments of the Parties**

Plaintiff based her motion to remand on the argument that none of Defendants were sued as the insurer of a federal flood insurance policy.  Instead, Plaintiff asserts that her allegations against Defendants deal only with policy procurement and errors and omissions.  Plaintiff also filed a supplemental memorandum wherein she advises the Court that her flood claims have been paid and the only claims remaining relate to breach of contract and related damages for attorney fees, case costs, rental reimbursement, and emotional damages.  She does not, however, address, Defendants' assertion that jurisdiction is rightfully based on the federal truth in lending allegations present in her Petition.

In opposition, Defendant asserts that the case was properly removed pursuant to 28 U.S.C. § §1331 based on Plaintiff's allegation that Defendants had violated the Truth-in-Lending Act ("TILA"). Plaintiff specifically states that defendants violated the "United States laws governing truth in lending disclosures..."

**Discussion**

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir.1996).  As such, federal courts possess only the power authorized by the

2

Constitution and Congress. <u>Kokkonen v. Guardian Life Insurance Co. Of America</u>, 114 S.Ct. 1673, 1675 (1994). Here, the jurisdiction alleged by Defendants is federal question jurisdiction as they claim the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." <u>Heimann v. Nat'l Elevator Indus. Pension Fund</u>, 187 F.3d 493, 499 (5th Cir.1999); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

    Here, this Court finds that Plaintiff's allegations regarding the federal TILA are sufficient to establish jurisdiction based on a federal question.  Thus, Defendants properly removed this action to federal court.  Accordingly,

    **IT IS ORDERED** that the Plaintiff's **Motion to Remand (Rec. Doc. 6)**. should be and hereby is **DENIED.**

    New Orleans, Louisiana this the 21st day of November, 2006.

                                        CARL J. BARBIER
                                        UNITED STATES DISTRICT JUDGE